# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | : : : : | |
| Plaintiff, | : : : | |
| v. | : : : | CIVIL ACTION NO. 1:05-CV-2492-RWS |
| AMERICAN DERIVATIVES CORP., a Georgia corporation; NATIONAL COMMODITIES CORPORATION, INC., a Florida corporation; INTERNATIONAL COMMODITY CLEARING LLC, a Florida corporation; BROKERAGE MANAGEMENT CORP., a Georgia corporation; LAYNE DAVID GERSTEL; DEVEREUX DECATUR BOOTH; and DAVID N. MITTLER, | : : : : : : : : : : : : : | |
| Defendants. | : | |

## ORDER

**I. Preliminary Injunction**

On September 26, 2005, Plaintiff U.S. Commodities Futures Trading

Commission ("CFTC") filed a two-count complaint alleging fraud in connection with commodity options transactions and that certain Defendants failed to adequately supervise their employees, all in violation of the Commodities Exchange Act, 7 U.S.C. § 1 et seq., as amended (2002) (the "Act") and the regulations promulgated thereunder, 17 C.F.R. § 1.1 et seq. (the "Regulations"). In addition, pursuant to § 6c of the Act, as amended, 7 U.S.C. § 13a-1 (2002), Plaintiff moved for, and was granted, an ex parte statutory restraining order which (1) provided Plaintiff with expedited discovery; (2) required Defendants to provide an accounting of all assets under their direct or indirect control; (3) required Defendants to maintain business records; (4) required Defendants to allow the immediate inspection and copying of books and records; (5) froze certain assets of Defendants to prevent their transfer, dissipation or disposal; and (6) ordered that Defendants appear and show cause why a preliminary injunction should not be entered to maintain the status quo and prohibit certain specified future actions which would constitute violations of the Act and Regulations.

On November 22, 2005, the parties appeared and presented evidence with respect to the preliminary injunction and asset freeze. Although on the record

before it, the Court would likely conclude that the CFTC has made a sufficient showing of likelihood of success on the merits to warrant the entry of a preliminary injunction as to future fraudulent activities in connection with commodities options transactions, the parties have conferred and consented to the entry such an Order.  Therefore, Defendants are hereby **ENJOINED** from:

> 1) making sales solicitations to customers that misrepresent or omit material facts regarding the likelihood of potential profits;
>
> 2) making sales solicitations to customers that falsely advise customers that they can make large profits based on known or expected events or seasonal trends, or omit to advise customers that such events or trends are already factored into the price of commodity futures and options;
>
> 3) making sales solicitations to customers that misrepresent the risk of loss; and
>
> 4) failing to diligently supervise the handling by their partners, officers, employees and agents of all commodity interest accounts carried, operated, advised or introduced by them

in violation of Section 4c(b) of the Act and Sections 33.10(a) and (c) and 166.3 of the Regulations until such time as a trial on the merits may be had.

## II.  Plaintiff's Emergency Motion to Stay

Shortly after the hearing on Plaintiff's Motion for Preliminary Injunction, Plaintiff filed an Emergency Motion requesting that the Court immediately stay

3

any decision to vacate the asset freeze against Defendants pending reconsideration by this Court or appeal to the United States Court of Appeals for the Eleventh Circuit.  (Pl.'s Emerg. Mot. to Stay [49,50] at 1-2.)  The Court is well-aware of the basis for Plaintiff's concern regarding the dissipation of assets and the Court recognizes the clear potential for dissipation in this case.  Nevertheless, the decision to freeze the assets of individuals and business entities before a judgment has been entered against them is not one that this Court makes lightly.  Nor is it one that the Court makes based upon its belief that dissipation of assets is possible or even likely.  Rather, the Court must determine whether sufficient <u>evidence</u> has been presented to <u>justify</u> such a freeze.

Based upon (1) the evidence submitted by Plaintiff in support of its motions for statutory restraining order and preliminary injunction; (2) the evidence submitted by Defendants in response; (3) the meager evidence presented to the Court at the November 22, 2005 hearing which would either support Plaintiff's assertion that a significant award of restitution is likely or rebut Defendants' evidence tending to show that customers of Defendants American Derivatives Corp. and Mittler were informed of, and understood, the

4

AO 72A
(Rev.8/82)

risks inherent in their investments; and (4) Plaintiff's express abandonment of any intent to seek the equitable remedy of disgorgement, the Court must conclude that a continuation of the asset freeze is not warranted.

Furthermore, the Court notes that at the close of Plaintiff's evidence, when it expressed concern about the extent to which Plaintiff had established the appropriateness of a significant restitution award and indicated that it was not inclined to continue the asset freeze, Plaintiff did not offer an objection to lifting the asset freeze or even ask to be heard on this issue.  Rather, Plaintiff sat quietly by and merely expressed its assent to the terms of the injunction as set forth above only to file an "Emergency Motion" a mere four hours later.  On these facts, Plaintiff's Emergency Motion to Stay the Court's decision lifting the asset freeze pending reconsideration or appeal [49,50] is due to be denied.

## Conclusion

Defendants are hereby **ENJOINED** from engaging in the above specified activities.  The Court's Ex Parte Statutory Restraining Order [15] is hereby **VACATED**, thus lifting the asset freeze imposed by that Order.  Plaintiff's Motion for Preliminary Injunction [4] is hereby **GRANTED IN PART** and

5

**DENIED IN PART**.  Plaintiff's First Motion to Stay the Lifting of the Asset Freeze Pending a Decision on a Motion for Reconsideration or Appeal [49,50] is hereby **DENIED**.

    **SO ORDERED** this   23rd   day of November, 2005.

                                    /s/ Richard W. Story
                                    RICHARD W. STORY
                                    UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)