UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

------------------------------------------------------------X
U.S. Commodity Futures Trading Commission,

        Plaintiff,

        against-

American Derivatives Corp., a Georgia corporation;
National Commodities Corporation, Inc., a
Florida corporation; Brokerage Management Corp.,
a Georgia Corporation; Layne David Gerstel,
an individual; Deveraux Decatur Booth, an individual,
and David N. Mittler, an individual

        Defendants.
------------------------------------------------------------X

Case No. 1:05-CV-2492

## DEFENDANT'S CROSS MOTION REQUESTING A CONFERENCE IN THIS MATTER WITH RESPECT TO OUTSTANDING SETTLEMENT ISSUES AND MEMORANDUM IN OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT OR IN THE ALTERNATIVE TO RESET TRIAL DATE

Defendants American Derivatives Corp., Brokerage Management Corp., Layne David Gerstel, Deveraux Decatur Booth and David N. Mittler (collectively the "Defendants") request that the Court schedule a conference in this matter, and accept this memorandum in partial opposition to Plaintiff's motion seeking to enforce the settlement agreement or in the alternative to reset the trial date. The

grounds for Defendants' cross motion and opposition to the Commodity Futures Trading Commission's ("CFTC") motion is as follows:

1. The CFTC improperly contends that Defendants refusal to accept the exact language included in paragraph "3" and "8" is a breach of the settlement reached between the parties. At least two of issues raised in the letter to the Court dated May 20, 2009, were also raised during the final settlement conference. For example, it was specifically mentioned by Defendant, Layne Gerstel, that he had significant problems with admitting any allegations under any circumstances. In addition, although Defendants have not yet received the transcript, a request to modify the language regarding press releases is believed to have been requested. Defendants raised the issue that, based upon public access to the internet, the manner in which the settlement was publicized could be unnecessarily embarrassing to Defendants and their families. Defendants now simply seek to add a simple sentence that the Consent Order will be reflected accurately with respect to their denial of the charges and the lack of findings in any press release. It was always Defendants belief that certain language contained in the Proposed Consent Order would be reviewed, and certain provisions negotiated and amended.

2. Contrary to plaintiff's argument, Defendants have not acted in bad faith in any way. The majority of the Proposed Consent Order has been agreed to without objection. More importantly, Defendants are not at odds with the end result sought by the CFTC. They are simply looking to prevent ambiguity and protect their rights. There are only three remaining issues outstanding, each of which were raised in good faith and based on valid points. The CFTC that has refused to even consider changing language to better reflect the settlement reached.

3. The CFTC points to Consent Orders issued in two other cases to show that defendants' counsel is aware of its standard language. No one has disputed that paragraph "3" and "8" use language considered "standard" by the CFTC. The CFTC is fully aware, as well, however, that while the cases involved fraudulent solicitation, the two cases emphasized were based on an entirely different set of facts. To set forth that the language used in paragraph "3" and "8" must be used simply because it is "standard", whether or not it has any applicability to this case, is incredible inflexible. It is clear that at times the CFTC makes exceptions to its usual Consent Order. The facts of this case and the circumstances under which the settlement was reached should determine what language

is included in the Proposed Consent Order. It should be emphasized that the Consent Orders cited by the CFTC's motion included several items that the CFTC has agreed not to include in this Consent Order.

4. The CFTC has mentioned that they are amenable to a conference with respect to the inadvertent trading language. It is contended by Defendants that a conference dealing with all of the outstanding issues should be held to determine whether a settlement can be finalized. Even between the time the May 20th letter was written and the time the motion by the CFTC was filed, changes have been agreed to on both sides. The CFTC has accepted defendants change as to notice required in paragraph "9". In addition, defendants have now stated that they would agree to remove all inadvertent trading language. They are now simply asking that the ban state "commodity trading" as opposed to "business activity related to commodity interest trading". The words "business activity related to" is unnecessarily broad and ambiguous. The change sought by Defendants would clarify what they could not do instead of leaving ambiguous language that could cause Defendants unnecessarily liability.

Defendants would like to finalize the settlement, and it is believed with the Court's assistance the final issues could be resolved. A final conference would not

only illuminate the true outstanding issues with respect to settlement, but possibly help to finalize the settlement reached between the parties.

Wherefore, Defendants respectfully requested that Plaintiff's Motion be denied, and the Cross Motion seeking an Order setting this matter down for a settlement conference be granted.

Dated:  May 26, 2009

                                        Respectfully Submitted,

                                        Drohan Lee  LLP
                                        Attorneys for Defendants
                                        American Derivatives Corp.,
                                        Layne Gerstel, Brokerage
                                        Management Corp.,  David Mittler
                                        Deveraux Decateur Booth
                                        489 Fifth Avenue
                                        New York, New York 10017
                                        Telephone:  (212) 710-0004
                                        Facsimile:  (212) 710-0003

                                        /s/ Vivian R. Drohan
                                        _____
                                        By:  Vivian R. Drohan

Thomas R. Todd, Jr.
Georgia Bar No: 713900
Local Counsel to
Drohan Lee LLP
P.O. Box 88519
Atlanta, Georgia 30356
Telephone: (404) 630-7100
Facsimile: (770) 395-7488

/s/ Thomas R. Todd, Jr.

_____
Thomas R. Todd, Jr.

Local 5.1 Certification

The undersigned hereby certifies that the within and foregoing Memorandum of Law was prepared in Times New Roman 14-point type and in full compliance with Local Rule 5.1.

/s/ Vivian R. Drohan
_____
Vivian R. Drohan

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2009, I electronically filed DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT OR TO RESET THE TRIAL DATE AND IN SUPPORT OF THE CROSS MOTION FOR A SETTLEMENT CONFERENCE with the Clerk of Court using the CM/ECF filing system which will automatically send email notification of such filing to the following attorneys of record:

Allison P. Lurton, Esq.
Daniel A. Caldwell , III, Esq.
Daniel C. Jordan, Esq.
Elizabeth C. Padgett, Esq.

Joseph B. Alonso, Esq.
Kathleen M. Banar, Esq.

/s/ *Vivian R. Drohan*
Vivian R. Drohan